IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALTON & SOUTHERN RAILWAY CO., <br><br> Plaintiff, <br><br> vs. <br><br> BROTHERHOOD OF RAILROAD SIGNALMEN, <br><br> Defendant. | 8:16CV360 <br><br> **ORDER** |

On July 22, 2016, counsel for the parties appeared before this Court for a hearing on Plaintiff Alton & Southern Railway Co.'s (A&S) Motion for a Temporary Restraining Order (Filing No. 2) against Defendant Brotherhood of Railroad Signalmen "its divisions, lodges, locals, officers, agents, employees, members and all persons acting in concert or participation with any of them" (collectively, BRS) from authorizing or participating in a strike and requiring BRS to make reasonable efforts to prevent such activity until this Court can conduct a hearing and enter an order regard a motion for preliminary injunction filed by A&S.

A&S asserts Federal Rule of Procedure 65(b) governs its motion and that the Court must apply the factors enumerated in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Under *Dataphase*, "[w]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." In its brief, A&S acknowledged, "When a party seeks to enjoin a labor strike, Section 7 of the Norris-LaGuardia Act

("NLGA"), 29 U.S.C. § 107 *may* also come into play."[1] (Emphasis added). At oral argument, A&S argued the Court should focus on the *Dataphase* factors.

BRS takes a different view. Noting Rule 65 does not modify "any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee," Fed. R. Civ. P. 65(e)(1), BRS maintains § 107 not only applies, but applies exclusively. In BRS's view, A&S must meet the more-demanding standard

---

[1]Section 107 provides in relevant part

> No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect—
>
> **(a)** That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;
>
> **(b)** That substantial and irreparable injury to complainant's property will follow;
>
> **(c)** That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;
>
> **(d)** That complainant has no adequate remedy at law; and
>
> **(e)** That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

of § 107 and has failed to show BRS has threatened and will commit unlawful acts that would cause A&S to suffer substantial and irreparable injury.

The Court need not resolve the parties' dispute as to the proper standard because A&S fails to satisfy either standard at this time. *See Baker Electric Co-op., Inc. v. Chaske,* 28 F.3d 1466, 1472 (8th Cir. 1994) (explaining the burden of establishing the need for a temporary restraining order is on the movant). Under § 107, A&S has not, at this time, provided evidence that "unlawful acts have been threatened and will be committed unless restrained." Even under *Dataphase*, A&S must show a "threat of irreparable harm." *Dataphase*, 640 F.2d at 109. No such "threat" has been proven. In the Court's view, BRS's mere refusal to agree with A&S that the parties' dispute was minor does not rise to the level of a threat of unlawful acts.

Based on the record of this court, the exhibits received in evidence, the written submissions, and the arguments and representations of counsel, A&S has not shown the need for a temporary restraining order. Accordingly, the Motion for Temporary Restraining Order (Filing No. 2) is DENIED.

IT IS SO ORDERED.

Dated this 22nd day of July, 2016

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge